MILLS-MORRIS AUTOMOTIVE

*v.*

STANLEY BASKIN, JR.

462 S.W.2d 486.

(*Jackson,* April Term, 1970.)

Opinion filed January 4, 1971.

Petition to Rehear Denied May 3, 1971.

T. R. WARING, Covington, for plaintiff, defendant in error.

WALKER TIPTON, Covington, for defendant, plaintiff in error.

Mr. Justice McCanless delivered the opinion of the Court.

This suit was commenced in the Court of General Sessions as a replevin action for the recovery of property in which plaintiff claimed a security interest under the Uniform Commercial Code. From a judgment for the plaintiff the defendant appealed to the Circuit Court where the case was tried on a stipulation of the facts. The judgment there was for the plaintiff and the defendant has perfected his appeal to this Court in the nature of a writ of error.

The facts, all of which are stipulated, are that before June 16, 1967, one Thomas F. Millington contracted to

have the plaintiff install a wrecker bed on a truck chassis that he owned. On that date the plaintiff recorded in the office of the Secretary of State a financing statement evidencing its security interest but no lien notation was made with the Title Division of the Department of Revenue upon the title certificate of the vehicle on which the equipment was installed. Subsequently Millington, for a valuable consideration, transferred the truck on which the wrecker had been installed to the defendant delivering to him a certificate of title which contained no notation of the plaintiff's lien. The defendant was without actual knowledge of the existence of the plaintiff's claim.

The decision of this case, under the stipulated facts, is controlled by Section 47-9-314, T.C.A. The relevant provisions of this section in summary are that a security interest which attaches to goods before or after they are affixed to other goods takes priority as to the goods installed or affixed (referred to as "accessions") over the claims of all persons to the whole except to the claim of a subsequent purchaser for value, if the subsequent purchase is made without the knowledge of the security interest and *before it is perfected*.

In the case before us the wrecker body, though acquired by an innocent purchaser, was acquired *after* the date on which the financing statement was filed in the office of the Secretary of State. In the annotations to this Section in Tennessee Code Annotated in the Comments to the Official Text the following sentence appears:

"This Section changes prior law in that the secured party claiming an interest in a part (e. g., a new motor in an old car) is entitled to priority and has a right to

remove even though under other rules of law the part now belongs to the whole."

The wrecker did not become an accession to or an integral part of the truck and it was not necessary for the plaintiff to file a notice of the lien with the Title Division of the Department of Revenue in order to protect its lien. It is our opinion, therefore, that since the lien of the plaintiff was perfected before the sale of the truck to the defendant the lien has priority over the title that the defendant acquired by his purchase.

We affirm the judgment of the Circuit Court and remand the case to that court for further proceedings in accordance with this opinion.

DYER, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and ADAMS, SPECIAL JUSTICE, concur.